**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| STEPHEN RICHIE | : | Civil Action No. |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| PROGRESSIVE ADVANCED | : | |
| INSURANCE COMPANY | : | |
| *Defendant* | : | **JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT AND JURY DEMAND**

**I.    PARTIES**

1.    Plaintiff, Stephen Richie is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 209 Emily Lane, Boothwyn, PA 19061.

2.    Defendant, Progressive Advanced Insurance Company, hereinafter "Progressive", was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Ohio and authorized to conduct business and issue policies of insurance in the State of Ohio, with corporate headquarters and principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

**II.    JURISDICTION AND VENUE**

3.    Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.    The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the policy giving rise to Plaintiffs' claims was issued in the District, because a substantial part of the events or omissions giving rise to the within claims occurred within the District, and because Defendant regularly conducts business within the district.

III.     **STATEMENT OF CLAIMS**

6.      At all times material herein, the Defendants, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendants.

7.      At all times material hereto, Plaintiff Stephen Richie was insured by Defendant Progressive Advanced Insurance Company, under a policy of automobile insurance which provided for underinsured motorist benefits, policy number 972991605. A copy of the Declaration Pages for policy number 972991605 covering the date of the accident at issue in this matter are attached as Exhibit "A" and incorporated by reference.

8.      On or about October 19, 2024, Plaintiff, Stephen Richie, was lawfully operating a certain black 2006 Pontiac G6 motor vehicle, with Pennsylvania license plate # GDA9805, which was traveling eastbound on Carpenter Station Road at or near its intersection with SR92, in New Castle County, Smyrna, Delaware, when, suddenly and without warning, a certain gray 2016 Nissan Sentra motor vehicle, with New Jersey license plate # B89UNB, owned and/or operated by Defendant, Maryann Eggart, which was traveling northbound on SR92, disregarded a steady red-light traffic signal and proceeded into the intersection without proper clearance to do so, thereby striking the passenger side of Plaintiff's vehicle with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

9.    At the time of the aforementioned accident, the vehicle owned and/or operated by Maryann Eggart, insured under a policy of automobile insurance issued by Progressive Garden State Insurance Company.

10.    Upon information and belief, Defendant, Maryann Eggart, was cited for "Inattentive Driving", "Disregard Traffic Control Device Without Regard to Safety", and "Failing to Drive at Speed Appropriate for Conditions" as a result of her violations of the Delaware Motor Vehicle Code.

11.    The aforementioned accident was caused solely by the negligence and carelessness of Maryann Eggart and was not the result of the actions or inactions of the Plaintiff.

12.    By reason of the aforesaid negligence of the Defendant, Plaintiff, Stephen Richie, has suffered severe and permanent injuries, including, but not limited to: tear of the posterior horn of the medial meniscus and anterior horn lateral meniscus tear, requiring surgical repair; closed fracture of the proximal end of the right tibia, closed head injury, eyelid abrasion, contusion of right knee, sprain/strain to cervical, thoracic and lumbar spine, right knee sprain/strain, left hip sprain/strain, left ankle sprain/strain, internal derangement - right knee; as well as aches, pains, mental anxiety, anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

13.    Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

14.    As a further result of the accident, the Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various

expenses for the injuries he has suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

15. As a further result of the accident, the Plaintiff has suffered or may suffer a severe loss of their earnings and/or earning power, and they may incur such loss for an indefinite period of time in the future.

16. As a direct and reasonable result of the accident aforementioned, the Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which they may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which they claim damages herein.

17. Further, by reason of the aforesaid accident, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure themself of the injuries sustained in the aforesaid accident.

18. As a further result of the accident, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19. Plaintiff settled the underlying claim with Progressive Specialty Insurance Company for the full amount of Defendant Maryann Eggart's policy limits. The consent to settle for Stephen Richie is attached as Exhibit "B."

20. Notice of the aforesaid covered loss and Plaintiff's intent to pursue underinsured motorist benefits was provided to Defendant Progressive Advanced Insurance Company in a

prompt and timely manner by the Plaintiff and, at all times relevant hereto, the Plaintiff fully complied with all of the terms and conditions required by the policy.

21.    Plaintiff demands underinsured motorist benefits in the amount of the Policy limits.

22.    Defendant Progressive Advanced Insurance Company, despite Plaintiff's March 10, 2025 demand for underinsured motorist benefits under the Policy and submission of Plaintiff's medical specials – the same documentation which supported Progressive Specialty Insurance Company's tender of the full limits of its policy, has refused, without legal justification or cause, and continues to refuse, to pay to the Plaintiff monies owed for the injuries suffered as a result of the aforesaid loss.  A copy of Plaintiff's March 10, 2025 demand letter is attached as Exhibit "C".

23.    As a result of the Defendant Progressive Advanced Insurance Company's failure and refusal to pay reasonable benefits to the Plaintiff as required under the Policy, Plaintiff has suffered losses and damages.

**COUNT I**
**STEPHEN RICHIE v. PROGRESSIVE ADVANCED INSURANCE COMPANY**
**<u>BREACH OF CONTRACT</u>**

24.    Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-three (23) of the within Complaint, as though the same were fully set forth at length herein.

25.    Defendant Progressive Advanced Insurance Company has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

26.    Defendant Progressive Advanced Insurance Company has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

27.     Defendant owes Plaintiff a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

28.     For the reasons set forth above, Defendant Progressive Advanced Insurance Company, has violated its obligations under the policy of insurance.

29.     Defendant Progressive Advanced Insurance Company owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

30.     Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which he is entitled under the policy.

31.     Defendant's denial of coverage was made without a reasonable basis in fact.

32.     Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

**WHEREFORE**, Plaintiff, Stephen Richie, demands that the Court enter judgment in favor of Plaintiff and against Defendant, Progressive Advanced Insurance Company, and award compensatory damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and attorneys' fees as may be adequate, just and proper.

## COUNT II
## STEPHEN RICHIE v. PROGRESSIVE ADVANCED INSURANCE COMPANY
## BAD FAITH – 42 PA. C.S.A. §8371

33.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-two (32) of the within Complaint, as though the same were fully set forth at length herein.

34.    Defendant Progressive Advanced Insurance Company has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. §8371, et seq.

35.    In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, Defendant Progressive Advanced Insurance Company, acting by and through its duly authorized agents, servants, workmen and/or employees, has engaged in the following conduct:

(a)    failing to complete a prompt and thorough investigation of Plaintiff's claims;

(b)    failing to pay Plaintiff's covered loss in a prompt and timely manner;

(c)    failing to pay Plaintiff's covered loss where no debatable reason existed to deny the claim and/or refuse to pay full value of the claim;

(d)    conducting an unfair and unreasonable investigation of Plaintiff's claim;

(e)    failing to objectively and fairly evaluate Plaintiff's claim;

(f)    failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim;

(g)    unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

(h)    unreasonably withholding policy benefits;

(i)    acting unreasonably and unfairly in response to Plaintiff's claim; and

(j)    unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

36.    For the reasons set forth above, Defendant Progressive Advanced Insurance Company has acted in bad faith in violation of 42 Pa. C.S.A. §8371, for which the Defendant is liable for statutory damages including interest from the date the claim was made in an amount

equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

      **WHEREFORE**, Plaintiff, Stephen Richie, demands that the Court enter judgment in favor of Plaintiff and against Defendant, Progressive Advanced Insurance Company, and award compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and attorneys' fees as may be adequate, just and proper.

**JURY DEMAND**

      Plaintiff hereby demands a trial by jury on all claims.

Respectfully,

**SWARTZ CULLETON FERRIS TRIAL LAWYERS**

By:    /s/ Matthew J. McElvenny ___
       Matthew J. McElvenny, Esquire
       Identification No. 327438
       MMcelvenny@swartzculleton.com
       T: (215) 550-6553
       F: (215) 550-6557
       Attorney for Plaintiff,
       Stephen Richie

Date: January 13, 2026

# EXHIBIT "A"

THE INS MASTERS INC
400 UPLAND AVENUE
BROOKHAVEN, PA 19015



**Policy Number: 972991605**
Underwritten by:
Progressive Specialty Insurance Co
August 12, 2024
Policy Period: Sep 12, 2024 - Mar 12, 2025
Page 1 of 2

STEPHEN RICHIE
209 EMILY LN
BOOTHWYN, PA 19061

**1-215-476-7000**
**THE INS MASTERS INC**
Contact your agent for personalized service.

**agent.progressive.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**1-800-274-4499**
To report a claim.

# Auto Insurance Coverage Summary
## This is your Renewal Declarations Page

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on September 12, 2024 at 12:01 a.m. This policy expires on March 12, 2025 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy contract is form 9611A PA (02/16). The contract is modified by form A230 (11/16).

## COLLISION COVERAGE FOR RENTAL VEHICLES
**IF THIS POLICY PROVIDES COLLISION COVERAGE, IT WILL APPLY TO VEHICLES YOU RENT, BUT NOT TO VEHICLES RENTED FOR 6 MONTHS OR MORE.**

## FRAUD NOTICE
Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

## Underwriting Company
Progressive Specialty Insurance Co
P.O. Box 6807
Cleveland , OH 44101
1-800-876-5581

## Drivers and resident relatives
Additional information

STEPHEN RICHIE                          First Named insured

Form 6489 PA (08/19)


Continued

## Outline of coverage

### 2006 PONTIAC G6 4 DOOR SEDAN

VIN: **1G2ZM571764184852**

Garaging ZIP Code: 19061

Primary use of the vehicle:  Commute

Length of vehicle ownership when policy started or vehicle added: 5 years or more

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $368 |
|   Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
|   Property Damage Liability | $5,000 each accident | | |
| First Party Benefits | | | 100 |
|   Medical Expenses | $5,000 each person | | |
|   Funeral Benefit | $2,500 each person | | 5 |
|   Accidental Death | $25,000 | | 5 |
| Uninsured Motorist - Nonstacked | $15,000 each person/$30,000 each accident | | 25 |
| Underinsured Motorist - Nonstacked | $15,000 each person/$30,000 each accident | | 55 |
| Roadside Assistance | | | 5 |
| **Total 6 month policy premium** | | | **$563.00** |
| Discount if paid in full | | | -117.00 |
| **Total 6 month policy premium if paid in full** | | | **$446.00** |

## Premium discounts

| Policy | |
|---|---|
| 972991605 | Continuous Insurance: Gold |

| Vehicle | |
|---|---|
| 2006 PONTIAC G6 | Driver and Passenger-side Airbag |

## Tort Option

This policy provides limited tort insurance.

## Notice of Available Premium Discounts

You may be eligible for discounts mandated by Act 6 of 1990:

- on first party benefits coverage if your car is equipped with a passive restraint system
- on comprehensive coverage if your car is equipped with a passive anti-theft device
- if all rated drivers are 55 or older and have successfully completed a motor vehicle driver improvement course approved by PennDOT.

If you have any questions about your eligibility, please contact your agent.

## Company officers

President

Secretary

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Tzvi Weimer |
| **To:** | Larissa Staszkiw; Brandon Swartz |
| **Cc:** | Adi Brownstein; Carly Huber |
| **Subject:** | FW: Stephen Richie, UIM claim #24327808660 |
| **Date:** | Wednesday, October 1, 2025 10:39:51 AM |

Good morning Larissa/Brandon, here is CTS with a UIM demand request. Thank you.

**From:** Dawn Eberle
**Sent:** Wednesday, October 1, 2025 10:17 AM
**To:** Tzvi Weimer
**Cc:** Adi Brownstein
**Subject:** Stephen Richie, UIM claim #24327808660

Tzvi or Adi,

This email will serve to confirm that Progressive Specialty Insurance Company will waive subrogation rights against Julio Eggart and Maryann Eggart in the above matter.

Accordingly, you may proceed with the underlying third-party settlement with Progressive Garden State Insurance Company and have your client execute a general release in this matter.

Please forward a complete settlement package at your earliest convenience so I can move forward with my evaluation of the UIM claim being presented.

Thank you for your cooperation and courtesy.

Sincerely,

Dawn Eberle

Claim Specialist Lead

Progressive Casualty Insurance Company

P.O. Box 94670

Cleveland, OH 44101-9919

(610)276-4732

(844)268-4665 Fax

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

# EXHIBIT "C"

# SWARTZ CULLETON FERRIS
## TRIAL LAWYERS

Christopher J. Culleton, Esquire*

Brandon A. Swartz, Esquire*

Bryan M. Ferris, Esquire*

Todd M. Felzer, Esquire*
Chairperson of the Workers
Compensation Department

Matthew E. Gallagher, Esquire

Larissa K. Staszkiw, Esquire

Maria K. McGinty-Ferris, Esquire

Anton R. Tupa, Esquire

Anthony Giannetti, Esquire

Adam Shorr, Esquire

Matthew J. McElvenny, Esquire

Natan M. Schwartz, Esquire

Devorah Peretz, Esquire

Thomas Cappello, Esquire

James L. Cartwright, Esquire

Caroline Fruchter, Esquire

*Partner

Please reply to:
547 E. Washington Avenue
Newtown, PA 18940

Phone: 215-550-6553
Fax: 215-550-6557

Website:
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
bferris@swartzculleton.com
tfelzer@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
agiannetti@swartzculleton.com
ashorr@swartzculleton.com
mmcelvenny@swartzculleton.com
nschwartz@swartzculleton.com
dperetz@swartzclleton.com
tcappello@swartzculleton.com
jcartwright@swartzculleton.com
cfruchter@swartzculleton.com

March 10, 2025

**Progressive Insurance**
**Mike Rappazzo**
**PO Box 94670**
**Cleveland, OH 44101-4670**
michael_rappazzo@progressive.com
**(Demand Emailed & Mailed)**

 RE:  Our Client: **Stephen Richie**
  Date of Loss: 10/19/24
  Your Insured: **Julio Eggart**
  Claim #:  24918696949

**Dear Ms. Hartman:**

 Enclosed, please find plaintiff's specials package in this matter. As you will note, **Stephen Richie** sustained significant accident-related injuries. This is to advise you that our client has authorized us to settle this claim in the amount of the policy limits (including any umbrella coverage) from your client conditioned upon consent to settle from the underinsured motorist carrier.

 This offer to settle in the amount of the policy limits will remain open for a period of thirty (30) days, or until **April 9, 2025**. Should you feel that this time is not reasonable for you to evaluate this case completely and fully to protect your insured by offering your policy limits, please contact us.

 Should this offer not be accepted by **April 9, 2025** it is our intention to proceed to trial and obtain a verdict, plus delay damages, in excess of our policy limits demand. Any verdict that the jury renders will be entered against your insured. We assume that you will communicate all the information contained within this letter to your insured, so that your insured is fully aware of this offer to settle within policy limits and the implications of any decision you make.

 I look forward to hearing from you at your earliest convenience.

 Very truly yours,

 **SWARTZ CULLETON PC**

 Brandon Swartz



BAS/tzw
Enclosures